# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:18-cv-130-FDW

| | |
|---|---|
| RONALD MCCLARY, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| ANNETTE DOWNEY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 4). Plaintiff is proceeding in forma pauperis. (Doc. No. 6).

## I. BACKGROUND

Pro se Plaintiff is a North Carolina inmate currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. Plaintiff filed this action on August 15, 2018, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Annette Downey, identified as the trust fund officer for the North Carolina Department of Public Safety. (Doc. No. 1). Plaintiff amended his Complaint on August 28, 2018. (Doc. No. 4). Plaintiff alleges in his Amended Complaint that Defendant has violated his First Amendment right of access to the courts because she has refused to mail him a six-month trust fund statement, which is required to be submitted in order to file an action with the North Carolina Industrial Commission. Plaintiff alleges that because Defendant refused to mail his six-month trust fund statement to him, he has been unable to file an action in the Industrial Commission. Plaintiff alleges that, unlike in federal district court, the North Carolina Industrial Commission will not allow a prisoner to file a state tort claim unless he provides his trust fund statement along with the complaint submitted to be filed. Thus, Plaintiff

1

alleges that Defendant has prevented him from bringing a state tort claim in the North Carolina Industrial Commission. Plaintiff seeks compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that Plaintiff's First Amendment claim against Defendant is not clearly frivolous and, thus, survives initial review.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claim is not clearly frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State

prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant, a current or former employees of NCDPS.

Signed: February 5, 2019

Frank D. Whitney
Chief United States District Judge